UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS ELLIS,<br><br>                    Plaintiff,<br><br>v.<br><br>ROBERTO ARIAS, et al.,<br><br>                    Defendants. | Case No.: 3:24-cv-00713-TWR-AHG<br><br>**ORDER GRANTING IN PART AND DENYING IN PART JOINT MOTION TO EXTEND DISCOVERY DEADLINES**<br><br>**[ECF No. 21]** |

      Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 21. The parties seek a 90-day continuance of fact and expert discovery deadlines. *Id*.

      Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 20 at 7 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

1

|   |   |
|---|---|
| 1 | Courts have broad discretion in determining whether there is good cause. *See, e.g.*, |
| 2 | *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v.* |
| 3 | *Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at *12 (D. Nev. Mar. 6, 2012). |
| 4 | "Good cause" is a non-rigorous standard that has been construed broadly across procedural |
| 5 | and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. |
| 6 | 2010). The good cause standard focuses on the diligence of the party seeking to amend the |
| 7 | scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 |
| 8 | ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. |
| 9 | … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates |
| 10 | good cause by acting diligently to meet the original deadlines set forth by the court." *Doe* |
| 11 | *v. Wyndham Hotels & Resorts, Inc.*, No. 3:24-cv-217-JLS-AHG, 2025 WL 2881574, at |
| 12 | *1–*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX- |
| 13 | ROS, 2018 WL 4492362, at *2 (D. Ariz. Sept. 19, 2018)). |
| 14 | Fact discovery closed in this matter on November 12, 2025. ECF No. 20 at 1. The |
| 15 | parties represent to the Court that they have exchanged written discovery, but have not yet |
| 16 | completed all of their depositions. ECF No. 21 at 2. Though they completed five |
| 17 | depositions thus far (Plaintiff and four of the Defendants were deposed in October), they |
| 18 | intend to depose additional custody staff, medical providers, and additional witnesses. *Id*. |
| 19 | The parties represent that Plaintiff's counsel had two federal trials moved due to the |
| 20 | government shutdown, which interfered with his ability to complete the last depositions in |
| 21 | this case. *Id*. The vacation schedules of various parties and witnesses also impacted the |
| 22 | parties' ability to complete the depositions. *Id*. As such, the parties seek a 90-day extension |
| 23 | of the fact discovery cutoff, expert deadlines, and pretrial motions filing deadline. *Id*. |
| 24 | Though the Court appreciates that the parties have been working together, the Court |
| 25 | expresses its concern regarding the parties' delay in filing the instant motion. By filing the |
| 26 | motion **twenty-nine days after** the November 12, 2025, fact discovery deadline, the parties |
| 27 | failed to follow the Court's Chambers Rules. *See* Chmb.R. at 2 (requiring that "[a]ll |
| 28 | requests for continuances must be made by a joint motion **no less than seven calendar** |

**days before** the affected date") (emphasis added). The parties do not address, or acknowledge, their substantial delay.

The parties also do not provide adequate explanation to support their requested 90-day continuance, i.e., why they need three more months to complete, at most, six to eight depositions. The parties do not specify the dates that Plaintiff's counsel was in trial, nor the dates that "the various parties" were or are on vacation. *See* ECF No. 21 at 5. As such, the Court cannot conclude that such a large, 90-day extension is necessary in this instance. Additionally, the parties do not specify whether the remaining depositions at issue were noticed and then needed to be continued due to counsel's trial schedule, or if they had not yet been noticed, which would have informed the Court's diligence analysis. Further, the parties only explain why they were unable to meet the November 12, 2025, deadline, but fail to explain what they have done in the nearly one month that has passed since then, which also belies a finding of diligence.

The Court also notes that the parties failed to provide a declaration from counsel, as required by the Court's Chambers Rules. Chmb.R. at 2 (requiring that the joint motion for continuance include a "declaration from counsel seeking the continuance that describes the steps taken to comply with the existing deadlines, and the specific reasons why the deadlines cannot be met"). Aside from being required, the declaration would have been helpful to the Court in resolving the many omissions noted above.

Though the Court finds that the delay in filing the instant motion and the factual omissions noted above belie a finding of diligence, in the interest of cases being decided on their merits, the Court will **GRANT IN PART** and **DENY IN PART** the joint motion. ECF No. 21. The Court orders as follows:

1. **November 12, 2025** *remains* the deadline for completion of fact discovery, except for the following:

   a. All depositions must be taken on or before **January 20, 2026**.

2. The Parties shall designate their respective experts in writing by **February 12, 2026**. The Parties must identify any person who may be used at trial to

present evidence pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence. This requirement is not limited to retained experts. The date for exchange of rebuttal experts shall be by **March 6, 2026**. The written designations shall include the name, address, and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide. The list shall also include the normal rates the expert charges for deposition and trial testimony.

3. By **February 12, 2026**, each Party shall comply with the disclosure provisions in Rules 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure. This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the Party regularly involve the giving of expert testimony. **Except as provided in the paragraph below, any Party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37(c).**

4. Any Party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **March 6, 2026**.

5. All expert discovery shall be completed by all Parties by **March 30, 2026**. The Parties shall comply with the same procedures set forth in the paragraph governing fact discovery. *See* ECF No. 20 at ¶ 2.

6. Failure to comply with this section or any other discovery Order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

7. All other pretrial motions must be filed by **April 23, 2026**. Counsel for the moving Party must obtain a motion hearing date from the law clerk of the Judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one District Judge to another. Please plan accordingly. Failure to make a timely request for a motion date may result in the motion not being heard.

Motions *in limine* are to be filed as directed in the Civil Local Rules or as otherwise set by the District Judge.

8. All other dates, deadlines, and procedures set forth in the Court's Scheduling Order (ECF No. 20) **remain in place**.

**IT IS SO ORDERED.**

Dated: December 11, 2025

_____
Honorable Allison H. Goddard
United States Magistrate Judge