UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVIS ELLIS,<br><br>Plaintiff,<br><br>v.<br><br>ROBERTO ARIAS, et al.,<br><br>Defendants. | Case No.:  3:24-cv-00713-TWR-AHG<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION TO EXTEND EXPERT DISCOVERY DEADLINES, and**<br><br>**(2) ISSUING FIRST AMENDED SCHEDULING ORDER**<br><br>**[ECF No. 24]** |

Before the Court is the parties' joint motion to modify the scheduling order. ECF No. 24. The parties seek an approximate 28-day continuance of expert discovery deadlines, as well as the remaining case management deadlines. *Id*.

Parties seeking to continue deadlines in the scheduling order must demonstrate good cause. FED. R. CIV. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent"); *see also* ECF No. 20 at 7 (Scheduling Order, stating that "[t]he dates [] set forth herein will not be modified except for good cause shown"); Chmb.R. at 2 (stating that any request for continuance requires "[a] showing of good cause for the request").

Courts have broad discretion in determining whether there is good cause. *See, e.g.,* *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992); *Liguori v. Hansen*, No. 2:11cv492-GMN-CWH, 2012 WL 760747, at \*12 (D. Nev. Mar. 6, 2012). "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The good cause standard focuses on the diligence of the party seeking to amend the scheduling order and the reasons for seeking modification. *Johnson*, 975 F.2d at 609 ("[T]he focus of the inquiry is upon the moving party's reasons for seeking modification. … If that party was not diligent, the inquiry should end."). Therefore, "a party demonstrates good cause by acting diligently to meet the original deadlines set forth by the court." *Doe v. Wyndham Hotels & Resorts, Inc.*, No. 3:24-cv-217-JLS-AHG, 2025 WL 2881574, at \*1–\*2 (S.D. Cal. Oct. 9, 2025) (quoting *Merck v. Swift Transp. Co.*, No. 16-cv-1103-PHX-ROS, 2018 WL 4492362, at \*2 (D. Ariz. Sept. 19, 2018)).

Rebuttal expert designation and disclosures are due on March 6, 2026. ECF No. 22 at 4. The parties represent to the Court that Defendants' rebuttal expert witness, Tony Diaz, has requested additional time to complete his report. ECF No. 21 at 2. Mr. Diaz represented to counsel that he has several conflicting deadlines and reiterated the need for additional time. *Id*. at 2, 7. As such, the parties seek a 28-day extension of the rebuttal expert deadlines, which would necessitate the need to extend the remaining deadlines set forth in the Court's scheduling order. *Id*. at 3–4.

The Court appreciates that the parties have been working together, and that they made diligent efforts to comply with the undersigned's Chambers Rules. Upon due consideration, the Court finds good cause to **GRANT** the joint motion. ECF No. 24. The Court issues the following First Amended Scheduling Order:

1.    The date for exchange of rebuttal experts shall be by **April 3, 2026**. The written designations shall include the name, address, and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

3:24-cv-00713-TWR-AHG

2.      Any Party shall supplement its disclosure regarding contradictory or rebuttal evidence under Federal Rule of Civil Procedure 26(a)(2)(D) by **April 3, 2026**.

3.      All expert discovery shall be completed by all Parties by **May 1, 2026**.  The Parties shall comply with the same procedures set forth in the paragraph governing fact discovery. *See* ECF No. 20 at ¶ 2.

4.      Failure to comply with this section or any other discovery Order of the Court may result in the sanctions provided for in Federal Rule of Civil Procedure 37, including a prohibition on the introduction of experts or other designated matters in evidence.

5.      All other pretrial motions must be filed by **May 29, 2026**.  Counsel for the moving Party must obtain a motion hearing date from the law clerk of the Judge who will hear the motion. The period of time between the date you request a motion date and the hearing date may vary from one District Judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Motions *in limine* are to be filed as directed in the Civil Local Rules or as otherwise set by the District Judge.

6.      A Mandatory Settlement Conference shall be conducted on **August 7, 2026** at **9:30 a.m.** before **Magistrate Judge Allison H. Goddard** *via videoconference*.

    a. The Court requires the personal attendance of all named parties, party representatives with full[1] settlement authority, including claims adjusters

---

[1] The Court reminds the parties that parties and party representatives with full and complete authority to enter into a binding settlement must be present at the MSC. Full authority to settle means that a person must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485–86 (D. Ariz. 2003). Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595–97 (8th Cir. 2001). A person who needs to call another person who is not present at the MSC before agreeing to any settlement does not have full authority.

for insured defendants, and the primary attorney(s) responsible for the litigation at the conference.

b. Plaintiff must serve on Defendant a **written** settlement proposal, which must include a specific demand amount, no later than **July 16, 2026**. The defendant must respond to the plaintiff **in writing** with a specific offer amount prior to the Meet and Confer discussion. The parties should not file or otherwise copy the Court on these exchanges. Rather, the parties must include their written settlement proposals in their respective Settlement Conference Statements to the Court.

c. Counsel for the parties must meet and confer in person, via videoconference, or by phone no later than **July 23, 2026**.

d. Each party must prepare a Settlement Conference Statement, which will be served on opposing counsel and lodged with the Court no later than **July 30, 2026**. The Statement must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). The substance of the Settlement Conference Statement must comply fully with Judge Goddard's Mandatory Settlement Conference Rules (located on the court website at https://www.casd.uscourts.gov/Judges/goddard/docs/Goddard%20Mandatory%20Settlement%20Conference%20Rules.pdf).

e. Each party may also prepare an **optional** Confidential Settlement Letter for the Court's review only, to be lodged with the Court no later than **July 30, 2026**. The Letter must be lodged in .pdf format via email to efile_goddard@casd.uscourts.gov (not filed). Should a party choose to prepare a Letter, the substance of the Settlement Conference Letter must comply fully with Judge Goddard's Mandatory Settlement Conference Rules.

f. No later than **July 30, 2026**, each party must submit to the Court via email (not filed) (at efile_goddard@casd.uscourts.gov) the names, titles, and

3:24-cv-00713-TWR-AHG

email addresses of all attendees, as well as a cell phone number for each party's preferred point of contact. Court staff will then send out the Zoom invitation to all attendees.

g. All participants shall display the same level of professionalism during the Settlement Conference and be prepared to devote their full attention to the Settlement Conference as if they were attending in person, i.e., cannot be driving or in a car while speaking to the Court. Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference. Counsel are advised that although the Settlement Conference will take place on Zoom, all participants shall appear and conduct themselves as if it is proceeding in a courtroom, i.e., all participants must dress in appropriate courtroom attire.

h. **All parties are ordered to read and to fully comply with the Chambers Rules and Mandatory Settlement Conference Rules of Magistrate Judge Allison H. Goddard**.

7.    Counsel shall file their Memoranda of Contentions of Fact and Law and take any other action required by Civil Local Rule 16.1(f)(2) by **September 24, 2026**.

8.    Counsel shall comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) by **September 24, 2026**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

9.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **October 1, 2026**. At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in the simplification of triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Civil Local Rule 16.1(f)(4)(c). Counsel shall note any objections they have to any other Party's Pretrial Disclosures under Federal

3:24-cv-00713-TWR-AHG

Rule of Civil Procedure 26(a)(3). Counsel shall cooperate in the preparation of the Proposed Pretrial Conference Order.

10. Counsel for Plaintiff will be responsible for preparing the Proposed Pretrial Order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f). By **October 8, 2026**, Plaintiff's counsel must provide opposing counsel with the Proposed Pretrial Order for review and approval. Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the Proposed Pretrial Order, and both Parties shall attempt promptly to resolve their differences, if any, concerning the Proposed Pretrial Order.

11. The Proposed Final Pretrial Conference Order, including objections to any other Party's Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the assigned District Judge by **October 15, 2026**, and shall be in the form prescribed by and comply with Civil Local Rule 16.1(f)(6).

12. The final Pretrial Conference is scheduled on the calendar of the **Honorable Todd W. Robinson** on **October 22, 2026** at **1:30 p.m.**

13. The Parties must review the Chambers' Rules for the assigned District Judge and Magistrate Judge.

14. A post-trial settlement conference before a Magistrate Judge may be held within thirty (30) days of verdict in the case.

15. The dates and times set forth herein will not be modified except for good cause shown.

16. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a District Judge. No reply memorandum shall exceed ten (10) pages without leave of a District Judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

//

//

3:24-cv-00713-TWR-AHG

17.    Plaintiff's counsel shall serve a copy of this Order on all Parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  March 3, 2026

_____
Honorable Allison H. Goddard
United States Magistrate Judge

3:24-cv-00713-TWR-AHG